UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELLS ANGELS MOTORCYCLE CORPORATION, 5716 Corsa Ave, Ste 110 Westlake Village, CA 91362-7354 <br><br>**Plaintiff,**<br>v.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; United States Department of Homeland Security Washington, DC 20528<br><br>HILLARY RODHAM CLINTON, Secretary of State U.S. Department of State 2201 C Street NW Washington, DC 20520<br><br>ALEJANDRO MAYORKAS, Director of U.S. Citizenship and Immigration Services, 20 Massachusetts Ave., NW Washington, DC 20529<br><br>**Defendants.** | CASE NO.:_____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Hells Angels Motorcycle Corporation ("Plaintiff") makes this Complaint for declaratory judgment and injunctive relief against Defendants the Department of Homeland Security and Secretary of State and the United States Citizenship and Immigration Services. This Complaint arises out of the Immigration and Nationality Act ("INA") and the Defendants' interpretation of the relevant portions of the INA which renders Plaintiff's foreign members

1

inadmissible to the United States solely based on their membership in the group.  As set forth below, Defendants misinterpreted congressional intent. Alternatively, the INA, solely or together with Defendants' executive rules, violates Plaintiff's constitutional rights.  In support of its Complaint, Plaintiff alleges as follows:

## I.   THE PARTIES

1. Plaintiff is a collection of many individual charters all over the world.  Each charter is distinct and chooses its own members.  There is no national or international club president.  In general, charters are made up of motorcycle enthusiasts who have joined to ride motorcycles together, organize social events, fundraisers, parties and motorcycle rallies. The first Hells Angels Motorcycle Club was founded in 1948 in the Fontana/San Bernardino area in the United States.  Today the club has charters in Argentina, Australia, Austria, Belgium, Bohemia (Czech Republic), Brazil, Canada, Chile, Croatia, Denmark, England, Finland, France, Germany, Greece, Holland, Hungary, Iceland, Ireland, Italy, Lichtenstein, Luxembourg, New Zealand, Northern Ireland, Norway, Poland, Portugal, Russia, Spain, Switzerland, South Africa, Sweden, Turkey, United States and Wales. Clubs from new countries seeking admission are to be found in Japan, Lithuania, Latvia and Romania.  The world-wide association has thousands of members.

2. Defendant Janet Napolitano is Secretary of Homeland Security and has ultimate authority over the Department of Homeland Security.  In that capacity and through her agents she is authorized to deem aliens ineligible for admission under any security-related inadmissibility grounds.  Defendant Janet Napolitano is sued in her official capacity.

3. Defendant Hillary Rodham Clinton is Secretary of State and has ultimate authority over the operations of the Department of State.  In that capacity and through her agents she is

authorized to deem aliens ineligible for admission under any security-related inadmissibility grounds. Defendant Clinton is sued in her official capacity.

4. Defendant Alejandro Mayorkas is sued in his official capacity as the Director of United States Citizenship and Immigration Services ("USCIS"), an agency within the U.S. Department of Homeland Security. As the Director of the USCIS, Mr. Mayorkas is responsible for the overall administration of US CIS and implementation of the immigration laws of the United States.

## II. JURISDICTION AND VENUE

5. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. §1331 and 5 U.S.C. §701-§706 over causes of action arising under 5 U.S.C. §706, 8 U.S.C. §1182, the First Amendment to the United States Constitution and the Fifth Amendment to the United States Constitution. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, et seq. The Court has authority to award costs and attorney's fees under 28 U.S.C. §2412.

6. There is currently an actual, justiciable controversy between the parties considering the constitutionality and meaning of the United States' Code and the U.S. Department of State Foreign Affairs Manual.

7. A preliminary injunction against the Defendants, preventing them from enforcing the challenged statutes and rules will shield Plaintiff's constitutional rights from ongoing harm while this litigation is pending.

8. Venue is proper in this judicial district under 28 U.S.C. 1391(e).

### III. STATUTORY AND REGULATORY FRAMEWORK

9. An alien is ordinarily inadmissible to the United States unless he or she is in possession of a valid visa. See 8 U.S.C. §1182(a)(7)(B)(i)(II). Certain classes of aliens are ineligible to receive visas pursuant to various grounds for inadmissibility established by Congress. See 8 U.S.C. §1182.

10. Section 212(a)(3)(A) of the Immigration and Nationality Act, codified at 8 U.S.C. 1182(a)(3)(A), provides security-related grounds for inadmissibility. The section provides, in part, that aliens ineligible to receive visas include those who a consular officer or the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in any unlawful activity. See INA §212(a)(3)(A)(ii); 8 U.S.C. §1182(a)(3)(A)(ii).

11. The State Department's Foreign Affairs Manual ("FAM"), which provides regulations from the Department of State and guides consular officials in the granting and denial of visas, interprets §212(a)(3)(A)(ii) inadmissibility to apply to any member of any "known criminal organization". See 9 FAM 40.31 N5.3(a).

12. The FAM then defines "known criminal organizations" to include various groups. By agreement with the Department of Homeland Security in 2001, the State Department extended the definition of "known criminal organization" to include active members of the Hells Angels. See 9 FAM 40.31 N5.3(b).

13. The FAM mandates consular officials to deny the visa application of an active member of the Hells Angels. See 9 FAM 40.31N5.3(a).

14. FAM rules fall into a narrow exemption from the Administrative Procedure Act provisions which normally require that administrative rules may be established only after

proposed rulemaking procedures have been followed. See 5 U.S.C. 553. Therefore, the FAM rules are not subject to the Administrative Procedure Act's rule making procedures.

### IV. FACTUAL ALLEGATIONS

15. Plaintiff is a world-wide association of charters with members residing in and outside of the United States.

16. Different charters will host events and invite international members.

17. One particular event held in the United States semi-annually is the World Run. International members are invited to this event. The purpose of the event is to socialize and usually includes a motorcycle ride.

18. Last year the World Run was held in New Hampshire. Foreign members applied for visas to attend the event and were denied because of their membership in Hells Angels charters.

19. Foreign members of Hells Angels charters will apply for visas to attend this event and other similar events in the United States in the future.

20. Many members of Plaintiff's group have no criminal record whatsoever.

21. Plaintiff is not a criminal organization.

22. Defendants will deny visas to all aliens based solely on their membership in a Hells Angels charter without further analysis into whether or not that individual seeks to enter the United States to engage solely, principally, or incidentally in unlawful activity.

23. It is not a crime under any State or Federal law of the United States to be a member of Plaintiff's group.

24. Congress specifically excludes aliens who are members of terrorist organizations and specifically defines a "terrorist organization" in INA §212(a)(3)(B). Congress then specifically

authorizes the Secretary to designate an organization a "terrorist organization" in accordance with INA §219 which sets forth specific requirements and procedures the Secretary must follow which include making certain findings of fact, providing notice of the proposed designation, publication of the designation in the Federal Register, and creating an administrative record.

25. Congress also specifically provides a process to review and revoke the designation. INA §219. The process allows the designated organization to file a petition for revocation or, if within a five year period no review has taken place at the request of the organization, the Secretary shall review the designation to determine whether the designation should be revoked. *Id*.

26. If Congress had intended for all members of criminal organizations to be inadmissible, as the State Department has interpreted §212(a)(3)(A)(ii), it would have codified the same detailed procedures for designating a group a "criminal organization" and provided a mechanism for the group to challenge its designation.

27. The plain language of §212(a)(3)(A) calls for a consular officer or the Attorney General to review each applicant on a case by case basis and draw a reasoned conclusion as to whether or not the individual seeks to enter the United States to engaged in unlawful activity.

28. The State Department's regulation, with the approval of the Department of Homeland Security, contravenes the intent and plain language of Congressional legislation.

29. Defendants' exclusion of Plaintiff's foreign members infringes on Plaintiff's constitutional right to associate for the advancement of beliefs and ideas.

30. Defendant's exclusion of Plaintiff's foreign members inhibits Plaintiff's freedom of speech.

31. By designating Plaintiff as a "criminal organization" without providing any avenue to challenge said designation, Defendants have deprived Plaintiff's members of their liberty without due process.

## V.  CAUSES OF ACTION

32. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 as if set forth fully herein.

33. The State Department's findings and conclusion designating Plaintiff as a known criminal organization is unwarranted by the facts and not in accordance with law.

34. As a matter of statutory interpretation, Congress did not intend INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A), to result in a blanket denial of visas to all members of Plaintiff's group solely based on their membership in that group.  Such interpretation by the Department of State and Department of Homeland Security is not in accordance with law.

35. If INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A) does provide statutory authority to deny visas to all members of Plaintiff's group, those provisions of the INA and United States Code, singly and together with the Foreign Affairs Manual notes, violate the First Amendment to the Constitution of the United States.

36. If INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A) does provide statutory authority to deny visas to all members of Plaintiff's groups, those provisions of the INA and United States Code, singly and together with the Foreign Affairs Manual notes, violates the Fifth Amendment to the Constitution of the United States.

37. The language of INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A) is vague.

38. The language of INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A) is overly broad.

## RELIEF REQUESTED

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

39. A judgment declaring that Plaintiff is not a known criminal organization for purposes of INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A);

40. A judgment declaring that, as a matter of statutory construction, 9 FAM 40.31 N.5.3 should be rescinded as it misinterprets INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A) and violates the Administrative Procedure Act;

41. Alternatively, a judgment declaring that INA §212(a)(3)(A); 8 U.S.C. 1182(a)(3)(A) and 9 FAM 40.31 N.5.3, singly and together, violate the United States Constitution;

42. The entry of a preliminary and permanent injunction preventing Defendants and their agents, representatives, successors and those acting in concert with them from enforcing the challenged provisions against the Plaintiff and its foreign members;

43. An award of costs and attorneys' fees; and

44. Such further and other relief as this Court deems appropriate.


Respectfully submitted,

/s/Matthew Robinson August 16, 2012
Matthew M. Robinson
DC BAR # MI0035
629 Main Street, Suite B
Covington, KY 41011
(859) 581-5777
Email: mrobinson@robinsonbrandt.com

/s/Margaret W. Wong, August 16, 2012
Margaret W. Wong
OH Bar # 0009068
*Pro hac vice* (pending)
3150 Chester Avenue
Cleveland, OH 44114
(216) 566-9908
Email: wong@imwong.com

HAMC v. Janet NAPOLITANO *et. al.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HELLS ANGELS MOTORCYCLE CORPORATION,** )<br>)<br>**Plaintiff,** )<br>v. )<br>**JANET NAPOLITANO, et. al.,** )<br>**Defendants.** )<br>) | CASE NO.:_____ |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2012, I served copies of:

(1) COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

upon the following individuals and entities by placing them in the United States mail.

- Hillary Rodham Clinton, Secretary of State
  U.S. Department of State
  2201 C Street NW
  Washington, DC 20520

- Janet Napolitano, Secretary
  United States Department of Homeland Security
  Washington, DC 20528

- Alejandro Mayorkas, Director
  U.S. Citizenship and Immigration Services
  20 Massachusetts Ave., NW
  Washington, DC 20529

- Ronald C. Machen Jr., US Attorney
  US Attorney for the District of Columbia
  555 4th Street, NW
  Washington, DC 20530

Additionally, this document was electronically filed with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. I am at least 18 years of age and not a party to the cause.

Respectfully submitted:

/s/Matthew Robinson           August 16, 2012
Matthew M. Robinson
DC BAR # MI0035
629 Main Street, Suite B
Covington, KY 41011
(859) 581-5777
Email: mrobinson@robinsonbrandt.com


/s/Margaret W. Wong,           August 16, 2012
Margaret W. Wong
OH Bar # 0009068
*Pro hac vice* (pending)
3150 Chester Avenue
Cleveland, OH 44114
(216) 566-9908
Email: wong@imwong.com